United States District Court
Southern District of Texas

**ENTERED**

July 10, 2018

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TONY TAYLOR,<br>TDCJ #02148487, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-1877 |
| | § | |
| OFFICER ADAM W. LINTON,[1] | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

At the time Plaintiff Tony Taylor ("Taylor") filed this civil rights complaint under 42 U.S.C. § 1983, he was confined in the Harris County Jail. *See* Docket Entry No. 1 ("Complaint"). Defendant Adam Linton ("Linton"), an officer employed by the City of Houston Police Department ("HPD"), has filed a Motion for Summary Judgment (Docket Entry No. 25). Taylor has not filed a response to Linton's motion and his time to do so has expired. After considering the pleadings, motions, exhibits, and applicable law, the Court will grant Linton's motion and will dismiss this case for the reasons explained below.

---

[1] Taylor names "Officer L. Linton" in his Complaint, but the competent summary judgment evidence, including an affidavit by Officer Linton, establishes that Officer Linton's name is Adam W. Linton. *See* Docket Entry No. 25-8 at 2 ("Linton Affidavit"). The Clerk is directed to change the style of the case to reflect the correct name of the Defendant.

## I. Background

On June 28, 2016, HPD's Northeast Divisional Tactical Unit conducted a sting operation in response to numerous thefts and robberies of local bank customers around West 20th and Yale Streets in Houston, Texas.[2] As part of the sting, a plain-clothes officer withdrew $2,500.00 cash from the Wells Fargo Bank on West 20th Street and placed it on the passenger side visor in an unmarked HPD bait vehicle.[3] The officer then drove from the bank to a hospital parking lot on the 1900 block of Ashland Street and observed that the same blue Nissan Infiniti that was parked at the bank had followed her to the hospital lot.[4] She exited the vehicle and went into the hospital.[5] After making several laps around the bait vehicle on the surrounding city streets, the driver of the blue Infiniti parked next to the bait vehicle, placing his passenger

---

[2] *See generally* Docket Entry No. 25-2, Exhibit A-1 (HPD Incident Report #830807-16), at Bates COH_TAYLOR000034 (Supp. Narrative of Officer J.M. Payne).   Taylor does not controvert the police report and does not respond to the summary judgment motion; therefore, the Court accepts as undisputed the facts set forth in the competent summary judgment evidence, including the police report and the affidavits of the officers involved in the incident.   *See* Eversley v. Mbank Dallas, 843 F.2d 172, 174 (5th Cir. 1988) (holding that a court may accept as undisputed the facts set forth in support of a summary judgment motion when no response is filed and the defendant makes a *prima facie* showing of his entitlement to relief).

[3] HPD Incident Report #830807-16, at Bates COH_TAYLOR000034.

[4] Id.

[5] Id.

2

side next to the driver side of the bait vehicle.[6]  Plaintiff Tony
Taylor ("Taylor"), the passenger in the blue Infiniti, opened his
door slightly to peer into the bait vehicle, and then got back into
the Infiniti.[7]  Taylor looked around to make sure he was not being
watched, exited the Infiniti again, and used a spring-loaded window
punch concealed in his right glove to break the driver side window
of the bait vehicle.[8]  Taylor brushed away the broken glass with
his gloved hands and jumped head-first through the broken window
with his feet off the ground in order to reach the envelope of bait
cash that was on the passenger side visor.[9]  Taylor got back into
the Infiniti, which immediately began to back out of the space.[10]

Officers Linton and M.B. Rocchi ("Rocchi") immediately blocked
the Infiniti with their marked HPD squad car and ordered Taylor and
his accomplice, Kenneth Wayne Simpson ("Simpson"), out of the car
with their hands up.[11]  Rocchi handcuffed Taylor and handed him off
to Linton to conduct a search.[12]  Rocchi observed that Taylor had
multiple lacerations on his hands and his head when he handcuffed

---

[6] Id. at Bates COH_TAYLOR000023 (Statement of Officer C.L. Slater).

[7] Id.

[8] Id.

[9] Id.

[10] Id.

[11] Docket Entry No. 25-8, Exhibit B ("Linton Affidavit") at
COH_TAYLOR000094; Docket Entry No. 25-9, Exhibit C ("Rocchi Affidavit")
at COH_TAYLOR000097.

[12] Rocchi Affidavit at COH_TAYLOR000097.

him.[13]  Linton handcuffed Simpson and handed him off to Officer C.L. Slater ("Slater") to conduct a search.[14]  Slater searched Simpson and, as he walked Simpson to his patrol vehicle, Slater noticed that Taylor was bleeding from the side of his head.[15]  Linton searched Taylor and observed lacerations on Taylor's head and hands at that time.[16]  Linton then placed Taylor in his patrol car.[17]

Linton relocated Taylor to the patrol unit of Officers Slater and R.H. Medlin ("Medlin") because plain-clothes police officers were arriving on the scene, and Slater and Medlin moved Taylor and Simpson to a nearby parking lot out of view of the plain-clothes officers.[18]  Linton denies that he hit Taylor's head on Slater and Medlin's patrol car, or on any other vehicle at the scene of the crime.[19]  Slater and Rocchi testified that they did not observe Linton hit Taylor's head against a patrol car door at any time.[20]

While Taylor was in Slater and Medlin's patrol vehicle, the laceration on his head began to bleed, and Medlin called the

---

[13] Id.

[14] Docket Entry No. 25-10, Exhibit D ("Slater Affidavit") at COH_TAYLOR000099.

[15] Id.

[16] Linton Affidavit at COH_TAYLOR000094.

[17] Id.

[18] Id. at COH_TAYLOR000095.

[19] Id.

[20] Rocchi Affidavit at COH_TAYLOR000098; Slater Affidavit at COH_TAYLOR000100.

Houston Fire Department ("HFD") to come bandage Taylor's injury.[21] After the HFD Emergency Medical Services ("EMS") bandaged Taylor's head, Linton and Rocchi took Taylor to the hospital, where he received stitches.[22] In his Complaint dated June 7, 2017, Taylor alleges that Linton used excessive force when he was transferring Taylor to another patrol car after his arrest.  Complaint at 4. For relief, Taylor wants Linton prosecuted for police brutality. Id.

## II.  Legal Standard

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56.  The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial.  Duckett v. City of Cedar Park, Tex., 950 F.2d 272, 276 (5th Cir. 1992).  Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact."  Hamilton v. Seque Software, Inc., 232 F.3d 473, 477 (5th Cir. 2000) (quoting Conkling v. Turner, 18 F.3d 1285, 1295 (5th Cir. 1994)).

---

[21] Slater Affidavit at COH_TAYLOR000100.

[22] Linton Affidavit at COH_TAYLOR000095.

Factual controversies are resolved in favor of the non-movant "only 'when both parties have submitted evidence of contradictory facts.'" Alexander v. Eeds, 392 F.3d 138, 142 (5th Cir. 2004) (quoting Olabisiomotosho v. City of Houston, 185 F.3d 521, 525 (5th Cir. 1999)). "Mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment." Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996) (citing Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir. 1992)).

Where a defendant asserts qualified immunity, the non-movant "*cannot* rest on [his] pleadings." Bazan v. Hidalgo County, 246 F.3d 481, 490 (5th Cir. 2001) (emphasis in original). Nor can the non-movant avoid summary judgment simply by presenting "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumenta-tion." Jones v. Lowndes County, Mississippi, 678 F.3d 344, 348 (5th Cir. 2012) (quoting TIG Ins. Co. v. Sedgwick James of Washington, 276 F.3d 754, 759 (5th Cir. 2002)); *see also* Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (a non-movant cannot demonstrate a genuine issue of material fact with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence).

However, a motion for summary judgment "cannot be granted simply because there is no opposition." Hetzel v. Bethlehem Steel

Corp., 50 F.3d 360, 362 n.3 (5th Cir. 1995).  When no response is filed, the Court may accept as undisputed the facts set forth in support of the unopposed motion and grant summary judgment when a prima facie showing for entitlement to judgment is made.  *See* Eversley v. Mbank Dallas, 843 F.2d 172, 174 (5th Cir. 1988); Rayha v. United Parcel Serv., Inc., 940 F. Supp. 1066, 1068 (S.D. Tex. 1996).  The Court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant.  U.S. v. Houston Pipeline Co., 37 F.3d 224, 227 (5th Cir. 1994).

The plaintiff proceeds *pro se* in this case.  Courts construe pleadings filed by *pro se* litigants under a less stringent standard than those drafted by lawyers.  *See* Haines v. Kerner, 92 S. Ct. 594, 596 (1972) (per curiam); *see also* Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) ("A document filed *pro se* is 'to be liberally construed[.]'") (quoting Estelle v. Gamble, 97 S. Ct. 285, 292 (1976)).  Nevertheless, "*pro se* parties must still brief the issues and reasonably comply with [federal procedural rules]." Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995)(citations omitted).  The Fifth Circuit has held that "[t]he notice afforded by the Rules of Civil Procedure and the local rules" is "sufficient" to advise a *pro se* party of his burden in opposing a summary judgment motion. Martin v. Harrison County Jail, 975 F.2d 192, 193 (5th Cir. 1992) (per curiam).

### III.  **Discussion**

In his pleadings, Taylor names Linton as the sole defendant and appears to seek only that Linton be prosecuted for police brutality.  *See* Complaint at 4.  Regarding Taylor's request that Linton be prosecuted, "[i]t is well-settled that the decision whether to file criminal charges against an individual lies within the prosecutor's discretion, and private citizens do not have a constitutional right to compel criminal prosecution."  Lewis v. Jindal, 368 F. App'x 613, 614 (5th Cir. 2010) (citing United States v. Batchelder, 99 S. Ct. 2198, 2204 (1979); Linda R.S. v. Richard D., 93 S. Ct. 1146, 1149 (1973); Oliver v. Collins, 914 F.2d 56, 60 (5th Cir. 1990)).  "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."  Linda R.S., 93 S. Ct. at 1149.  There is no legal basis for the relief Taylor actually seeks in his pleadings.

Nonetheless, the Court will construe *pro se* Taylor's pleadings liberally as seeking damages and/or equitable relief under section 1983 for an alleged Fourth Amendment violation.[23]  Linton contends that Taylor fails to demonstrate a constitutional violation and

---

[23] To the extent that Taylor's complaint could be construed also to allege state law tort claims, he has not established that complete diversity of citizenship exists between the parties that would confer upon this federal court jurisdiction over those claims.  *See* 28 U.S.C. § 1332. The Court declines to exercise supplemental jurisdiction over Taylor's state law claims, if any.  *See* 28 U.S.C. § 1367(c)(3).  Accordingly, Taylor's state law claims will be dismissed without prejudice for lack of jurisdiction.

asserts that Taylor has not established that Linton's actions were objectively unreasonable under the circumstances.  Linton argues, therefore, that he is entitled to qualified immunity.

## A.   Qualified Immunity

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Pearson v. Callahan, 129 S. Ct. 808, 815 (2009) (quoting Harlow v. Fitzgerald, 102 S. Ct. 2727, 2738 (1982)).  This is an "exacting standard," City & County of San Francisco v. Sheehan, 135 S. Ct. 1765, 1774 (2015), that "protects 'all but the plainly incompetent or those who knowingly violate the law.'" Mullenix v. Luna, 136 S. Ct. 305, 308 (2015) (quoting Malley v. Briggs, 106 S. Ct. 1092, 1096 (1986)).  A plaintiff seeking to overcome qualified immunity must satisfy a two-prong inquiry by showing: "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." Ashcroft v. al-Kidd, 131 S. Ct. 2074, 2080 (2011) (citation omitted).

"A good-faith assertion of qualified immunity alters the usual summary judgment burden of proof, shifting it to the plaintiff to show that the defense is not available." King v. Handorf, 821 F.3d

9

650, 653-54 (5th Cir. 2016) (internal quotation marks and citations omitted).   "The plaintiff must rebut the defense by establishing that the official's allegedly wrongful conduct violated clearly established law and that genuine issues of material fact exist regarding the reasonableness of the official's conduct."   Id. at 654 (quoting Gates v. Texas Dep't of Protective & Regulatory Servs., 537 F.3d 404, 419 (5th Cir. 2008)).   "To negate a defense of qualified immunity and avoid summary judgment, the plaintiff need not present 'absolute proof,' but must offer more than 'mere allegations.'"   Id. (quoting Manis v. Lawson, 585 F.3d 839, 843 (5th Cir. 2009)).

**B.   Claims of Excessive Force Under the Fourth Amendment**

A claim that law enforcement officers used excessive force to effect an arrest is governed by the "reasonableness" standard found in the Fourth Amendment.   *See* Graham v. Connor, 109 S. Ct. 1865, 1871 (1989); Tennessee v. Garner, 105 S. Ct. 1694, 1699-1700 (1985).   To prevail on an excessive force claim in this context, a plaintiff must establish an "(1) injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." Trammell v. Fruge, 868 F.3d 332, 340 (5th Cir. 2017) (quoting Deville v. Marcantel, 567 F.3d 156, 167 (5th Cir. 2009)).   Courts "look to whether the arrest is objectively justified, rather than

10

to the motive of the arresting officer." *See* <u>Ashcroft</u>, 131 S. Ct. at 2083.

To support his motion, Linton submits the following competent summary judgment evidence: (1) HPD Incident Report #830807-16 (the police report of the arrest of Taylor and Simpson); (2) Linton's affidavit; (3) the affidavits of Rocchi and Slater; (4) the police video of the theft; and (5) the HFD EMS report.  Taylor does not controvert this evidence.

The evidence shows that Taylor broke into the HPD bait vehicle, jumped into the vehicle head first through the broken driver side window such that his feet were off the ground, and reached over to the passenger visor to take the envelope with $2,500.00 in bait cash.[24]  Linton arrived on the scene with Rocchi and two other officers, Medlin and Slater, in marked HPD units as Taylor and Simpson were attempting to flee the scene.[25]  Linton directed Taylor to exit the Infiniti and Rocchi handcuffed him, placing him under arrest.[26]  At that time, Linton and Rocchi observed multiple lacerations to Taylor's head and hands, and Slater also observed that Taylor had a head laceration when he was escorting Simpson to his patrol car.[27]  Rocchi and Slater testify

---

[24] *See* HPD Incident Report #830807-16.

[25] *See* Linton, Rocchi, & Slater Affidavits.

[26] <u>Id.</u>

[27] <u>Id.</u>

11

that they did not see Linton hit Taylor's head against any car door at the scene, and Linton submits his sworn testimony that he did not slam Taylor's head against the door.[28]

Taylor does not deny that he received lacerations in connection with the theft of the bait cash when he climbed across broken glass and a broken window to steal the bait cash. He submits no competent summary judgment evidence to indicate that his head wound was caused by being hit with a patrol car door rather than from cutting himself on the broken glass in the bait car or otherwise injuring himself while committing his crime. Because Taylor does not point to any evidence to raise a fact issue that the injury to his head was caused by Linton's actions rather than his own, he does not show that his injury resulted directly and only from excessive force rather than from some other cause. *See, e.g.*, <u>Staten v. Adams</u>, No. 4:09-CV-1838, 2014 WL 3891357, at *7 (S.D. Tex. Aug. 6, 2014) (unpublished), *aff'd*, 615 F. App'x 223 (5th Cir. 2015) (holding that plaintiff did not present evidence to link his injuries to being struck by an officer as opposed to some other cause). There is no evidence that the force used to effectuate the arrest was objectively unreasonable under the circumstances.

Taylor does not point to evidence to raise a fact issue that Linton violated his constitutional rights. Concomitantly, Taylor

---

[28] <u>Id.</u>

does not meet his burden to overcome Linton's entitlement to qualified immunity.  *See* Ashcroft, 131 S. Ct. at 2080 (explaining that a plaintiff must show a violation of a federal constitutional or statutory right in order to overcome a defendant's assertion of qualified immunity).  Therefore, Linton is entitled to summary judgment on Taylor's section 1983 claims.[29]

## IV.   ORDER

Based on the foregoing, it is hereby

**ORDERED** that Defendant Linton's Motion for Summary Judgment (Docket Entry No. 25) is **GRANTED**, and Plaintiff Taylor's claims pursuant to 42 U.S.C. § 1983 are **DISMISSED** with prejudice; it is further

**ORDERED** that Taylor's state law claims, if any, are **DISMISSED** without prejudice for lack of jurisdiction; it is further

**ORDERED** that all other pending motions, if any, are **DENIED**.

The Clerk shall provide a copy of this Order to the parties.

**SIGNED** at Houston, Texas, on this 9TH day of July, 2018.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

---

[29] Because the Court finds that Linton is entitled to qualified immunity, it need not reach the question of whether Taylor's claims would be barred by Heck v. Humphrey, 114 S. Ct. 2364 (1994).